UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD ROBERTS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:02CV126 RWS |
| MIKE KEMNA and JEREMIAH NIXON, | ) ) ) ) |
| Respondents. | ) ) |

**MEMORANDUM OPINION**

Petitioner Donald Roberts seeks a writ of habeas corpus. In his Petition he alleges six grounds for relief. I referred this matter to United States Magistrate Judge Thomas C. Mummert, III for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On December 15, 2005, Judge Mummert filed his recommendation that Roberts' habeas petition should be denied.

Roberts timely filed objections to the Report and Recommendation and objects to the recommendation that habeas relief be denied. I have conducted a de novo review of all matters relevant to the petition. I find that Judge Mummert correctly analyzed Roberts' grounds for relief and correctly applied the law in reaching his recommendation. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Mummert in his Report and Recommendation and I will deny Roberts' habeas petition.

I only add that Roberts' contention in his sixth ground for relief that his post-conviction counsel effectively abandoned Roberts for failing to include one claim in his amended motion for post-conviction relief is not a cognizable ground for relief in a habeas petition.

The Supreme Court of Missouri has recognized a limited right to effective assistance of counsel in post-conviction hearings. Luleff v. State, 807 S.W.2d 495 (Mo. 1991). When post-

conviction counsel *totally defaults* in carrying out the obligations imposed upon counsel by Missouri Supreme Court Rule 29.15(e), it constitutes abandonment. State v. Bradley, 811 S.W.2d 379, 384 (Mo. 1991). Under such circumstances, new counsel should be appointed. The filing of an amended petition out of time, for instance, can constitute abandonment. Sanders v. State, 807 S.W.2d 493, 494-95 (Mo. 1991). Roberts' claim that his post-conviction counsel left out one claim[1] in the amended motion for post-conviction relief does not constitute abandonment because his counsel did not totally default in carrying out her obligations.

Even if it did constitute abandonment, abandonment by post-conviction counsel cannot be the basis for relief in a habeas proceeding. In Mack v. Caspari, 92 F.3d 637, 640 (8th Cir. 1996), the Eighth Circuit suggested the possibility of a constitutional due process violation if upon abandonment by post-conviction counsel, the Missouri trial court applied the procedural rule of appointing new counsel arbitrarily and prejudiced a petitioner. But, the Eight Circuit concluded in a later opinion that although a due process violation may exist in a state post-conviction proceeding, it is not cognizable in a habeas petition. Kenley v. Bowersox, 228 F.3d 934, 938 (8th Cir. 2000). The Court reasoned that habeas review under 28 U.S.C. § 2254 was limited to the question of whether a petitioner was in custody in violation of the Constitution or laws or treaties of the United States. Id. An attack on the procedure employed in the state post-conviction

---

[1] This claim concerned the potential evidence of a pathologist named Dr. Richard Payne. Roberts asserts that this claim was in a questionnaire that he filled out and gave to his appointed post-conviction counsel. Roberts alleges that his post-conviction counsel failed to include this claim in his amended motion for post-conviction relief. Because the record does not contain a copy this questionnaire there is no evidence in the record that supports Roberts' claim of abandonment or which allows me to evaluate it. An issue of how clearly this claim was made and identified in the questionnaire is raised in Roberts' own habeas petition which states that "Mr. Roberts's educational level and intelligence level are low, and his questionnaire was not very articulate, but it certainly included Dr. Payne's name." The fact that a copy of the questionnaire has not been filed in this case is a separate and independent ground upon which I rely in denying Roberts' sixth claim for habeas relief.

proceeding does not test the legality of a prisoner's sentence. The Eighth Circuit based its conclusions on a litany of cases which held that a § 2254 court is not the appropriate forum for a prisoner who wishes to challenge the process afforded to him in his post-conviction proceeding. Id., See Williams v. State, 640 F.2d 140, 143-44 (8th Cir. 1981) (procedural errors in post-conviction proceeding do not raise constitutional claims cognizable in habeas corpus proceedings); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990)(post-conviction proceeding is collateral to petitioners' conviction and detention and is not a cognizable habeas claim); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir. 1989)(same). Although the Eighth Circuit's opinion in Kenley was later vacated, the case law upon which it relied is still the law in this Circuit.

As a result, even if Roberts had made a valid claim for abandonment by his post-conviction counsel, it is not a cognizable ground for habeas relief. Based on the conclusion that Roberts' post-conviction counsel's omission of a claim did not constitute abandonment and based on the reasons stated in Judge Mummert's Report and Recommendation I find Roberts' sixth claim for relief to be without merit.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Roberts has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Donald Roberts' Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

    _____
    RODNEY W. SIPPEL
    UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2006.